**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD VINCENT RAY, Jr., | No. 15-15138 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00088-GMS-DKD |
| v. | |
| JAMES MACDONALD, Warden at La Palma Correctional Center/ in his individual and official capacities; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 24, 2016[**]

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Edward Vincent Ray, Jr., a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional claims arising from defendants' interference with his incoming and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

outgoing mail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C.

§ 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order)

(dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm in part, reverse in part,

and remand.

The district court properly dismissed Ray's equal protection claim because

Ray failed to allege facts sufficient to show that he was discriminated against

because of his membership in a protected class or that he was treated differently

than similarly situated individuals without a rational basis.  *See N. Pacifica LLC v.*

*City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (elements of "class of one"

equal protection claim); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003)

(requirements for equal protection claim based on membership in protected class).

However, dismissal of Ray's First Amendment claim for interference with

his incoming and outgoing mail was premature because Ray's allegations that

defendants seized and withheld his mail to and from his son, liberally construed,

are "sufficient to warrant ordering [defendants] to file an answer."  *Wilhelm v.*

*Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Thornburgh v. Abbott*, 490

U.S. 401, 413-19 (1989) (holding that the factors set forth in *Turner v. Safley*, 482

U.S. 78 (1987), apply to the regulation of incoming mail); *Procunier v. Martinez*,

416 U.S. 396, 413-14 (1974) (setting forth factors for evaluating claim relating to the regulation of outgoing mail), *overruled on other grounds by Thornburgh*, 490 U.S. 401. Morever, dismissal of Ray's procedural due process claim was premature because Ray's allegations that he was not provided with notice or an opportunity to be heard after his mail was withheld, liberally construed, are sufficient to state a claim. *See Procunier*, 416 U.S. at 417-18 ("[T]he decision to censor or withhold delivery of a particular letter must be accompanied by minimum procedural safeguards."); *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999) ("[Prisoners have] a Fourteenth Amendment due process liberty interest in receiving notice that [their] incoming mail is being withheld by prison authorities.").

Accordingly, we reverse the dismissal of Ray's claims that defendants interfered with his incoming and outgoing mail and denied him procedural due process and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

15-15138